J-E04004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR SHABAZZ | : | |
| | : | |
| Appellant | : | No. 2776 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 17, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001518-2021

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., STABILE, J., DUBOW, J.,
KUNSELMAN, J., MURRAY, J., McLAUGHLIN, J., SULLIVAN, J., and
BECK, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED DECEMBER 12, 2024**

Omar Shabazz appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, following his convictions of one count each of firearms not to be carried without a license,[1] possession with intent to deliver—methamphetamine (PWID—methamphetamine),[2] persons not to possess firearm,[3] two counts of criminal attempt,[4] and three

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6105(a)(1).

[4] *Id.* at § 901(a).

counts of conspiracy.[5] After review, we conclude that we are bound by *Commonwealth v. Lear*, --- A.3d ---, 2024 WL 4559236 (Pa. 2024), and affirm.

In light of our disposition, a detailed recitation of facts is unnecessary. On October 8, 2020, Shabazz was charged with the above-mentioned offenses after he coordinated the sale of two ounces of methamphetamine to an undercover police officer. On April 12, 2022, Shabazz filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. On June 7, 2022, after a pretrial hearing, the trial court denied, *inter alia*,[6] Shabazz's Rule 600 motion. In particular, the trial court excluded all of the time between October 8, 2020 and August 31, 2021, which was the time period that the Montgomery County Court of Common Pleas' COVID-19 emergency orders were in effect. *See* Trial Court Opinion, 6/29/23, at 8-10.

Ultimately, Shabazz proceeded to a bifurcated trial,[7] after which he was convicted of the above-mentioned offenses. On October 17, 2022, the trial court imposed an aggregate sentence of 78 to 156 months' incarceration.

---

[5] *Id.* at § 903(a).

[6] Shabazz had also filed a motion to suppress and a motion to compel identification of the confidential informant used in the transaction.

[7] A jury convicted Shabazz of PWID—methamphetamine, firearms not to be carried without a license, and related offenses. The trial court separately convicted Shabazz of the remaining offenses.

Shabazz filed a timely notice of appeal and, ultimately, a *nunc pro tunc* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[8] Shabazz now raises the following claims for our review:

> 1. Did the trial court err in finding the emergency orders related to the COVID-19 emergency constituted a suspension of Rule 600, as opposed to court-postponement for the purposes of Rule 600?
>
> 2. Did the trial court err in failing to analyze whether the Commonwealth exercised due diligence for the purposes of Rule 600?

Brief for Appellant, at 4.

Both of Shabazz's claims relate to Rule 600 and, in particular, allege that the trial court failed to conduct analysis as to whether the Commonwealth acted with due diligence for the time period between his arrest on October 8, 2020, and the end of Montgomery County's COVID-19 emergency orders on August 31, 2022. **See** Brief for Appellant, at 7-13.

However, following our decision to grant reargument before the Court *en banc*, our Supreme Court decided **Lear**, **supra**, and concluded that trial courts are no longer required to analyze the Commonwealth's due diligence during, *inter alia*, judicial emergencies such as the COVID-19 pandemic. **See Lear**, at 8; **see also id.** at n.9. Consequently, we are bound by our Supreme

---

[8] Initially, Shabazz's counsel had filed a Rule 1925(c)(4) notice of intent to file an **Anders** brief. However, during the pendency of the appeal, this Court decided **Commonwealth v. Lear**, 290 A.3d 709 (Pa. Super. 2023). Shortly thereafter, counsel requested, and we granted, permission to file a *nunc pro tunc* Rule 1925(b) concise statement preserving his Rule 600 challenge for appeal. **See** Application for Remand, 4/30/23, at 1-3; Order, 6/6/23.

Court's recent decision in *Lear* and are constrained to find that Shabazz's Rule 600 challenges are without merit.[9]  Therefore, we conclude that the trial court was not required to ascertain the Commonwealth's due diligence during the COVID-19 emergency, and affirm Shabazz's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2024

---

[9] Moreover, we observe that since our Supreme Court's decision in *Lear*, Shabazz has conceded that his Rule 600 challenges have no merit.  *See* Application to Submit on Briefs, 11/4/24, at 1-3.